## Application of PARKS.

(Court of Appeals of District of Columbia.
Submitted November 8, 1926. Decided
December 6, 1926.)

### No. 1860.

1. Patents ⬳141—Applicant for reissue of apparatus patent cannot broaden his claims to correspond to broader claims in application for process patent.

An apparatus and a process are distinct claims of invention, and applicant for reissue of apparatus patent is not entitled to broaden his claims, merely because his process application, which was copending with the application on which the original apparatus patent was issued, contained claims as broad as those sought by the reissue.

2. Patents ⬳138(1)—Delay in filing application for reissue patent, broadening claims, held not excused.

Failure to file reissue application, broadening claims, within two years after grant of original patent, *held* not excused by change of attorneys, financial difficulties in business ventures, and lack of time.

Appeal from Commissioner of Patents.

In the matter of the application of Frederick James Parks for a reissue patent. From a decision of the Commissioner of Patents, rejecting application, applicant appeals. Affirmed.

G. W. Saywell, of Cleveland, Ohio, for appellant.

T. A. Hostetler, of Washington, D. C., opposed.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents, rejecting appellant's reissue application for claims relating to means for automatically manufacturing envelopes. [1] It is unnecessary to consider the claims, since the case turns solely upon the question of whether or not appellant's reissue application was filed in time. The case is concisely stated by the Examiner as follows:

"The first official action upon the application from which the original patent was granted was a requirement of division between the machine and process claims. This resulted in a divisional process application, which matured into patent No. 1,459,415. The present reissue application was filed during the pendency of said process application. The applicant contends that by reason of the process application he has been continuously in possession of rights which would prevent the accruing of any public rights operating to vitiate his reissue application."

Appellant is now seeking to broaden his claims, and relies upon his right to do so, notwithstanding the lapse of almost 3½ years since the original patent was granted. We are not impressed with his contention that public rights would not accrue because of his continuous possession of the claims in his original process application. Apparatus and method applications are separate and distinct, and relate to different classes of invention. Appellant is not entitled in his reissue application to broaden his claims merely because his process application was copending with the application on which the original patent was issued, containing claims as broad as those now sought by the reissue. His contention that under those circumstances the public could not obtain intervening rights, and therefore not be injured by the granting of this reissue application, is not in our opinion well founded.

We agree with the Examiners in Chief that "an apparatus and a process are distinct classes of invention and afford a somewhat different protection. The applicant has been granted his process patent, and is entitled to such protection as it affords, and he would not be before the Office at this time, with an application for a reissue of his apparatus patent, if he did not expect to obtain additional protection thereby. He is therefore seeking to restrict the rights of the public as to matter which was not claimed in his original patent, and it is no answer to this position that this application was filed while the present application was still pending." [2] The applicant seeks to excuse his delay in not filing the reissue application within the two-year period because of change of attorneys, financial difficulties in business ventures, and lack of time. This excuse was held inadequate by the tribunals of the Patent Office, and in this we concur.

The decision of the Commissioner of Patents is affirmed.